United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 26, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10034
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KINTE L. JOHNSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-125
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Kinte L. Johnson appeals his guilty plea conviction for possession with intent to distribute a Schedule II controlled substance and possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 924(c).

Johnson argues that his guilty plea was unknowing because his depression left him unable to grasp the consequences of his plea and because the plea colloquy was insufficient to allow him to make an informed decision about his plea. Where a motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

withdraw a guilty plea is made prior to sentencing, it may be withdrawn if "the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d). Given the absence of a credible assertion of innocence, the delay in filing the motion, the possible inconvenience and waste of judicial resources, Johnson's and his counsel's responses during the plea colloquy regarding his depression and ability to understand, and the totality of the circumstances, the district court's conclusion does not represent an abuse of discretion. See United States v. Carr, 740 F.2d 339, 344 (5th Cir. 1984).

Johnson also argues that the district court erred by refusing to grant his continuance of the hearing on his motion to withdraw his guilty plea. Johnson has failed to show that the denial was "arbitrary or unreasonable" and that the denial of the continuance resulted in prejudice that is "specific and compelling" or "serious." See United States v. Barnett, 197 F.3d 138, 144 (5th Cir. 1999); United States v. Hughey, 147 F.3d 423, 431 (5th Cir. 1998). Accordingly, the district court's denial of the motion to continue a hearing was not an abuse of discretion. See Barnett, 197 F.3d at 144.

Johnson further argues that the district court erred by rejecting the testimony of his expert witness, Dr. Kelly Rene Goodness, a clinical and forensic psychologist, on the sufficiency of the plea colloquy to evaluate Johnson's guilty plea. Johnson's attempt to analogize expert testimony, based

upon scientific data, relating the weaknesses in eyewitness identifications to Goodness's testimony, based upon her cursory review of Johnson's rearraignment transcript, identifying weaknesses in the plea colloquy questioning, is without merit. Goodness did not provide an explanation regarding any methodology for assessing whether the plea colloquy questions would allow her to determine if Johnson had a rational understanding at the rearraignment. Accordingly, the district court's decision to exclude Goodness's expert testimony was not an abuse of discretion. See United States v. Dixon, 413 F.3d 520, 523 (5th Cir. 2005), cert. denied, 126 S. Ct. 1139 (2006).

Johnson also argues that the factual basis was insufficient to support his conviction because it failed to establish that he used the firearms in furtherance of the drug trafficking offense. Because Johnson did not challenge the sufficiency of the factual basis in the district court, review is for plain error only. United States v. Marek, 238 F.3d 310, 315 (5th Cir. 2001) (en banc). Johnson's argument that the Government failed to allege or prove possession of the firearms in furtherance of a drug trafficking crime is without merit. See United States v. Ceballos-Torres, 218 F.3d 409, 412-13 (5th Cir.), amended on other grounds, 226 F.3d 651 (5th Cir. 2000).

The stipulated facts, which Johnson confirmed were true and accurate at the rearraignment, indicate that the eight firearms found in Johnson's residence were not locked in a safe away from

the drugs.  Instead, they were easily accessible in Johnson's residence and were possessed in Johnson's master bedroom along with ammunition and a substantial amount of drugs.  Johnson did not deny that the firearms were used in furtherance of the drug trafficking when making corrections on the Factual Resume or when the stipulated facts were read during the rearraignment.  The combination of the Ceballos-Torres factors reasonably supports a finding that Johnson's firearms furthered his possession of the drugs by protecting his drugs against robbery.  See Ceballos-Torres, 218 F.3d at 415.  The possession of the firearms, therefore, was in furtherance of drug trafficking.  Id. Because the factual basis was sufficient to support Johnson's guilty plea, Johnson has failed to establish plain error.  See Ceballos-Torres, 218 F.3d at 410-15.

AFFIRMED.